*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2014-257

DECEMBER TERM, 2014

| | |
|---|---|
| In re J.P., J.J., A.J. & A.J., Juveniles | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 92/93/94/95-9-12 Wmjv |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Mother appeals from a judgment of the superior court, family division terminating her parental rights to the minors J.P., J.J., A.J., and A.J. She contends the trial court misunderstood the available disposition options and consequently failed to exercise its best judgment on a rational basis. We affirm.

The material facts may be summarized as follows. Mother has four children, who ranged in age from two to five years old at the time of the final hearing in this matter in February 2014. Mother tested positive for drugs when the youngest child was born in July 2011, which resulted in a referral to the Department for Children and Families. After a year of DCF involvement, mother's substance abuse and other problems persisted, leading to the State's filing of CHINS petitions in September 2012. Additional concerns about the family's chronically inadequate, unstable, and unsafe housing led to a temporary care order placing the children in DCF custody. The children were placed together in a foster home, and later separated into two kinship placements, where they have since remained.

In January 2013, mother stipulated to a CHINS adjudication. The initial disposition plan approved by the court in February 2013 identified concurrent goals of reunification and, if that failed, termination of parental rights. The plan set forth an array of goals and services for mother, including: participating in substance abuse assessments and treatment, individual mental-health counseling, and parent training; demonstrating the ability to meet the children's physical, emotional, and developmental needs; working with DCF to obtain safe and stable housing; consistently attending scheduled parent-child meetings; and keeping the children safe from harm.

Mother failed to participate in substance-abuse treatment or mental-health counseling despite, as the trial court found, "repeated, emphatic, and compassionate efforts by service

providers to persuade her" to do so. She also failed to obtain safe and stable housing. And, as the court found, she failed to consistently attend scheduled parent-child visitations, sporadically "drop[ping] in and out of the children's lives," including one six-week period when she had no contact with DCF or the children. Accordingly, in October 2013, the State filed a TPR petition. An evidentiary hearing was in held in February 2014. Father voluntarily relinquished his parental rights at the outset of the hearing. In June 2014, the court issued its written decision.

Based on the evidence summarized above, the court found a substantial change of circumstances predicated on mother's failure to make progress. See In re J.G., 2010 VT 61, ¶ 10, 188 Vt. 562 (mem.) (noting that change of circumstances is often found where parent's ability to care for child has "stagnated" due to lack of improvement over time). Applying the best-interests criteria, the court observed that, although mother had shown that she loves the children and was able to play with them and meet their needs for short periods in controlled settings during the visits she attended, she was never able to demonstrate the same ability for longer periods with less supervision. Additionally, the court noted that mother had "completely failed," despite persistent efforts by DCF and other service providers, to meet the equally important goals of seeking substance-abuse and mental-health treatment, of working to obtain safe and stable housing for herself and the children, and of maintaining consistent contact with the children. These failures, over time, in turn supported a conclusion that "she cannot . . . resume her parental duties within a reasonable time." The court also found that the children were well adjusted to their current homes, schools, and communities, were receiving proper health care services, including individual counseling to address the trauma they underwent before DCF involvement, and were making progress in this area. Accordingly, the trial court concluded that "the children's best interests require that the State's petition to terminate her parental rights and to free the children for adoption be granted." This appeal followed.

Mother's sole claim on appeal is based on the trial court's concluding statement, quoted above, to the effect that the children's best interests "require that the State's petition" be granted. She contends that the court's statement "evidences its understanding that it must choose either termination of parental rights or continued impermanence" to the exclusion of other "options," presumably referring to guardianships or long-term foster care placements. Mother asserts that this misunderstanding shows that the court failed to exercise its "best judgment" on a "rational basis." The State maintains, in response, that the court did not err because its only options were to grant or deny the petition.

Mother's claim is unavailing for at least two reasons. First, she cites nothing in the record showing that she or others had requested or even raised the possibility of an alternative permanency option. Thus, even assuming, without deciding, that the court had the authority to consider such an alternative, the issue was not preserved for review on appeal. In re C.H. & M.H., 170 Vt. 603, 604 (mem.) (noting that "we will not reverse a lower court when a party's failure to raise some matter below denied the court an opportunity to consider it" (quotation omitted)). Moreover, nothing in the trial court's statement that the children's best interests "require[d]" granting the petitions necessarily implies anything about the court's views on its

authority to consider other options, had they been raised.  Accordingly, we find no merit to mother's claim, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice